IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PRICILLA MARTINEZ - GARCIA (LOPEZ)<br><br>Plaintiff,<br>vs.<br><br>LARA'S TRUCKS, INC.<br>a Georgia corporation, and<br>FERNANDO LARA,<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff **PRICILLA MARTINEZ - GARCIA** ("**MARTINEZ**"), on behalf of herself, through her counsel, **STEPHEN M. KATZ, THE KATZ LAW GROUP, LLC** and files her Complaint alleging as follows:

## NATURE OF THIS ACTION

1.

This is an action brought under The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") to recover unpaid overtime wages, liquidated damages, attorney's fees, and costs.

## PARTIES

2.

Martinez, the named Plaintiff in this action, lives in the Northern District of Georgia.

3.

Defendant Lara's Trucks, Inc. ("Lara's Trucks") is a corporation which maintains, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in metropolitan Atlanta, Georgia.

4.

Lara's Trucks can be served by delivering a copy of the summons and complaint to its registered agent Flor Ramos at 4135 Buford Drive, Buford, Georgia 30518.

5.

Lara's Trucks is engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

6.

Lara's Trucks is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq*.

7.

Defendant Fernando Lara ("Lara") lives in the Northern District of

Georgia and serves as Lara's Trucks owner. Lara can be served by delivering a copy of the summons and Complaint to him at 4135 Buford Drive, Buford, Georgia 30518.

8.

Lara is involved in the day-to-day operations and has substantial operational control over Lara's Trucks, including, without limitation, the policies governing individuals employed in the same capacity as the named Plaintiff.

9.

Lara exerts substantial control over Lara's Trucks in compliance with the Fair Labor Standards Act.

10.

Lara has the power to hire and fire employees, including, without limitation, individuals employed by Lara's Trucks.

11.

Lara controls employee work schedules and conditions of employment including, without limitation, individuals employed by Lara's Trucks.

12.

Lara determines the rate and method of payment for employees including, without limitation, individuals employed by Lara's Trucks.

13.

At all times relevant to this action, Lara oversaw and had responsibility for maintaining employment records including, without limitation, employment records of individuals employed by Lara's Trucks.

14.

Defendants individually and collectively are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

15.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

16.

At all relevant times, individually and collectively, Defendants have been and remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . . ."

17.

As employers engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 *et. seq.*

18.

Defendants, and each of them, were at all relevant times aware of the existence and requirements of the Fair Labor Standards Act, including, without limitation, the duty to pay overtime and the duty to refrain from

retaliation against employees who complain about violations of the Fair Labor Standards Act.

## JURISDICTION

19.

Jurisdiction over this action is conferred on this Court by Section 216(b) of the FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

## VENUE

20.

Venue is proper in the Northern District of Georgia in that all of the acts complained of took place in this judicial district.

## FACTS

21.

Martinez is a former employee of Defendants.

22.

Martinez was employed by Defendants until April, 2012.

23.

Defendants have operated and continue to operate a total of at least two dealerships in the state of Georgia.

24.

Throughout Martinez's employment with Defendants, Martinez was employed as an "Office Employee" by Defendants.

25.

Martinez's principal duties while working for Defendants were comprised of performing office duties, *i.e.* routine office tasks.

26.

Throughout Martinez's employment with Defendants, Martinez's compensation came from an hourly wage paid by Defendants.

27.

While employed by Defendants, Martinez consistently worked 60 hours, or more, per week. Martinez was never paid overtime compensation for hours worked in excess of 40 hours in any given work week.

28.

There are numerous "Office Employees," employed by Defendants, working in excess of 40 hours per week and paid an hourly rate, including secretaries and persons assisting customers with financing vehicle purchases.

29.

Martinez did not have discretionary authority in her position as an "Office Employee" for Defendants.

30.

Defendants deliberately failed to provide Martinez with overtime compensation for hours worked in excess of 40 in a workweek between

April, 2011 and April, 2012.

## CLAIM FOR RELIEF

**Violation of 29 U.S.C. § 216(b)**

**(FLSA)**

31.

Martinez incorporates the allegations contained in paragraphs 1 through 30 of this Complaint as though the same were fully set forth at length herein.

32.

Defendants repeatedly and willfully violated the provisions of § 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing individuals, including Martinez, engaged in commerce or in the production of goods for commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

33.

Martinez was regularly compelled to work more than 40 hours per week but were/are not paid overtime compensation as required under the FLSA.

34.

Martinez is not an exempt employee under the FLSA; thus, Defendants were required to pay her overtime compensation for all hours worked each week in excess of 40.

35.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

36.

Defendants owe Martinez overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

## COUNT II

## BURDEN OF PROOF

37.

Martinez incorporates the allegations contained in paragraphs 1 through 36 of this Complaint as though the same were fully set forth at length herein.

38.

Within the preceding four years, Defendants, employers subject to the provisions of the FLSA, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them.

39.

Martinez is entitled to relief shifting the burden of proof to Defendants with regard to the amount of overtime worked due to the violation of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516.

**WHEREFORE**, Plaintiff demands relief as follows:

1. That process issue and that Defendants be served according to law;

2. An Order finding that Defendants violated § 215(a)(2) and 216(b) of the FLSA;

3. Judgment in favor of Martinez against Defendants, jointly and severally, for unpaid overtime compensation together with double damages;

4. Pursuant to § 216(b) of the Act, judgment in favor of Martinez for reasonable attorney's fees;

5. Judgment in favor of Martinez against the Defendants, jointly and severally, for prejudgment interest;

7. Judgment in favor of Martinez against the Defendants, jointly and severally, for all taxable and non-taxable costs;

8. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F. R. Civ. P., **TRIAL BY JURY** on all claims on which a jury trial is available;

9. Such other, further and different relief as this Court deems appropriate.

Date: 16 April 2014.

By: STEPHEN M. KATZ
Ga Bar No. 409065




THE KATZ LAW GROUP LLC
4799 Olde Towne Parkway
Marietta, Georgia 30068-4350
Telephone: 770.988.8181
Fax: 770.988.8182
EMail: smkatz@smk-law.com